# JACKSON *v.* EMMONS.

PRACTICE; AMENDMENT OF PLEADINGS; COSTS.

1. An assignment of error on an appeal by the plaintiff from an order dismissing his suit for failure to amend his declaration and pay costs of the term, as provided for by a previous order, will not be considered when based upon a ruling of the lower court made during the trial before leave to withdraw a juror and amend was granted.

2. After a juror has been withdrawn and leave granted the plaintiff to amend his declaration, the trial court may at any time thereafter upon demand being made by the defendant require the plaintiff to pay the costs of the term, under the act of Assembly of Maryland of 1785, Ch. 80, Sec. 4.

No. 814. Submitted October 5, 1898. Decided October 18, 1898.

HEARING on an appeal by the plaintiff from an order dismissing his suit for failure to amend or pay costs, after leave granted to amend upon payment of costs of the term. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. J. Waters* for the appellant.

*Mr. Wm. F. Mattingly* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

The appellant, Robert Jackson, instituted a suit at common law in the Supreme Court of the District of Columbia against the appellees, George E. Emmons and J. Paul Smith, as defendants, for trespass upon his property. After pleas filed and issue joined, the cause came on for trial before a jury. At the trial, the plaintiff, apprehending a verdict against him, asked leave, which was granted by the court, to withdraw a juror, to have the jury discharged from further consideration of the case, and to be allowed to amend

his declaration within twenty days; and the cause was thereupon continued for the term. Two days after this the defendants moved for an amendment of the order of the court to the effect that the plaintiff should be required to pay the costs of the term. This amendment the court directed to be made.

Subsequently, on the total failure of the plaintiff either to pay the costs or to amend his declaration within the time limited or at all, the defendants moved the court for a dismissal of the suit. The court granted the motion and dismissed the suit. The plaintiff then moved to vacate the order of dismissal, and with his motion and in support of it filed an affidavit, the pertinency of most of which is not apparent. But the court overruled his motion; and he then appealed from the order of dismissal to this court, as also from the order refusing his motion to vacate the order of dismissal.

There are four assignments of error, which we quote in the language of the appellant's brief:

"The lower court erred in the following instances:

"1st. In ruling that the ownership of plaintiff's house went with the ground, and that he could not therefore verbally prove himself the owner.

"2d. In dismissing plaintiff's suit because he elected not to avail himself of leave to amend his declaration, especially when an *ex post facto* condition was attached against his will.

"3d. In refusing to vacate the order of final dismissal upon motion and proper showing therefor.

"4th. In allowing defendants to set up a claim for costs after leave had been granted plaintiff to amend unconditionally without objection by such defendants."

The first of these assignments is wholly unjustified by the record. The only ground for it is a portion of the affidavit to which we have referred as having been filed by the appellant in support of his motion to vacate the order of dismissal and wherein irrelevant reference is made to rulings of the

court at the abortive trial before the jury. That trial was a nullity. It resulted in nothing. It is as if it had never been had; and it is wholly improper to bring the rulings then made, and which resulted in nothing, to this court upon the present appeal. This assignment can not be considered by us.

The other assignments simply seek to raise the question whether the court below had the right to impose costs when and as it did, and to dismiss the plaintiff's suit after he had persistently refused either to amend his declaration or to pay the costs; and we do not see that there is any reasonable ground to doubt the power and the right of the court in the premises. Whether for the failure merely to amend the court should have dismissed the suit, it is unnecessary to determine; although such failure under the circumstances might justify serious censure. The request to withdraw a juror and to discharge the jury because a declaration is found to be imperfect, and the grant of such request upon the condition that the declaration will accordingly be amended, coupled with a subsequent refusal without just cause to make the amendment and the purpose necessarily incident thereto to go to another trial by jury without amendment, might justly be regarded as a juggling with the administration of justice and a fraud upon the rights of other parties, for which a dismissal would be eminently proper, if such course were not pursued, as we believe it was in this case, in good faith. But whether pursued in good faith or in bad faith, it is a practice that can not be allowed.

But the dismissal of the suit was evidently based, not so much on the refusal to amend, as on the refusal to pay costs. The appellant's claim is to the effect that the court, after the discharge of the jury and the grant of leave to amend, had no right to amend the order by requiring him to pay the costs of the term.

But the act of Maryland of 1785, Chapter 80, Section 4, specifically provides that in such cases such costs shall be

allowed as the court shall think just.    The law itself imposes the condition that costs shall be paid by the party proposing to amend; and it might well be questioned whether the court could refuse to allow them upon the motion of the party entitled to them.    Nor is it apparent why they should not be allowed at any time when demand is made for the allowance.    Upon refusal to pay, dismissal of the suit is the proper and perhaps now the only remedy left to the party aggrieved.

We find no merit in the appeal; and the order appealed from will therefore be *affirmed, with costs.    And it is so ordered.*